(C.D. 3653)

DE GUSSA, INC. v. UNITED STATES

United States Customs Court, First Division

(Decided January 7, 1969)

*Busby & Rivkin* for the plaintiff
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

WATSON, Judge: This suit has been submitted for decision upon the following agreement between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that:

1. The subject merchandise, marked "A" and checked with his initials tas by Import Specialist T. A. Strada on the invoice covered

by the protest enumerated above, was assessed with duty at the rate of 10.5 per cent ad valorem under the provisions of Item 423.00 in Schedule 4, Part 2, Subpart C, of the Tariff Schedules of the United States as "Other inorganic compounds: * * * Other."

2. The subject merchandise consists of silica in its purest known form, being over 98 per cent pure silica, and the remainder moisture and is, in fact, silica, not specifically provided for.

3. Silica is a mineral.

4. It is claimed that the subject merchandise is free of duty under Item 523.11 in Schedule 5, Part 1, Subpart J, of the Tariff Schedules of the United States, particularly in view of Schedule 4, Headnote 1(i), which excludes from classification under Schedule 4 "any of the mineral products provided for in Schedule 5."

IT IS FURTHER STIPULATED AND AGREED that this protest may be submitted for decision on the basis of this stipulation.

Accepting this stipulation as a statement of fact, we hold the merchandise marked with the letter "A" and initialed TAS by Import Specialist T. A. Strada on the invoice accompanying the entry covered by the involved protest, properly free of duty under item 523.11 of the Tariff Schedules of the United States, as silica, not specially provided for, as claimed.

To the extent indicated, the protest is sustained. In all other respects and as to all other claims, the protest is overruled.

Judgment will issue accordingly.